### Cad Bennett v. The State.

#### No. 3962.    Decided May 12, 1909.

#### Rehearing Denied June 23, 1909.

**Local Option—Insufficiency of the Evidence.**

See opinion for testimony held to be insufficient to sustain a conviction of a violation of the local option law.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*S. C. Coffee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant appeals from a conviction had in the County Court of Brown County, Texas, on the 9th day of July, 1908, finding him guilty of unlawfully selling intoxicating liquors in said county and assessing his punishment at a fine of $50 and thirty days confinement in the county jail.

1. It was admitted that local option was in force in Brown County, Texas, on the second day of July, 1908, and is still in force and had been in force for more than a year prior to the date last named. The State proved by H. W. Prince, a negro, that he bought from one Sim McLemore, who worked in the back of appellant's lunch counter and little store a half pint of whisky; that he went

to this place on the second day of July, 1908, and told McLemore that he wanted some whisky; that he got a half pint in the kitchen and then went into the front room and got a half pint from under the counter and returned and gave him both half pints for which he paid a dollar and went out. He was unacquainted with the appellant and did not see him at the store at the time. Sim McLemore testified that he sold this witness two half pints of whisky; that he got a half pint out of the kitchen and then went in the front room where Bennett was running a little store and lunch counter, and carried cigars and tobacco, and got a half pint of whisky out of a box under the counter; that appellant was in the store at the time he got the half pint from under the counter, but, he says, he does not think appellant saw him get the whisky; that after awhile he went and put the money in the cash drawer, but he does not think Bennett saw him do this. He also testifies that he did not know who the whisky belonged to which he sold, but it was not his. He admitted that for the sale of the whisky to Prince he was arrested and pleaded guilty and was then serving his sentence. In addition to this, he testifies that one day before this appellant had some whisky in a quart bottle and looked at it and said, "Sim, we are drinking too much whisky; we are drinking up all the profits." The sheriff of the county testified that on this day he searched appellant's place of business and found a jug partly full of whisky and a quart bottle partly full, and that appellant said it was his whisky and that he kept it for his own use. It was shown by the witness Ward that about the first of July, he carried a small box from the express office to appellant's place of business near the Frisco depot, and that appellant told him that it contained whisky. The court gave a correct charge to the jury, and, among other instructions, was one given at the request of appellant to this effect: "You are instructed that the witness Sim McLemore is in law an accomplice, and before you can convict the defendant on his testimony he must not only be corroborated as to the commission of the offense, but also by evidence tending to show defendant's connection with its commission and in this case if you do not believe the witness Sim McLemore was, and is, corroborated by other evidence tending to show that defendant was a party to the sale of the whisky by McLemore to H. W. Prince, you will acquit the defendant and say by your verdict, 'We, the jury, find the defendant not guilty.'" In this connection it should be stated that the State also introduced another witness by the name of Will Lane, who corroborated fully the testimony of the witness McLemore and Prince as to the sale of the whisky.

The verdict is assailed quite vigorously on the ground that it is unsupported by the testimony. We think the inference a reasonable and fair one that this negro who took whisky not his own, and evidently belonging to appellant from appellant's place of business, took pay for it and put the money for such sale in the cash drawer of

appellant, without comment or objection, when the fact of appellant having whisky in considerable quantities in his possession, is considered in connection with his remark that they were drinking up the profits of the business, is sufficient to justify and sustain the conclusion that the sale was not only by his connivance, but by his consent and under his direction.

Finding no error in the proceedings of the court below, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

### ON REHEARING.

#### June 23, 1909.

RAMSEY, JUDGE.—This case was affirmed on a former day of this term. The only matter about which we had any difficulty was the sufficiency of the evidence to sustain the verdict. We then had some doubt as to the sufficiency of the evidence even on the record as it then appeared. The statement of facts, as copied in the transcript, however, in fact contained a glaring mis-statement that reversed the whole sense of the testimony of McLemore, who was the principal witness. As it appears in the transcript he is made to say this: "I do not think he (appellant) saw me and I told him what I had done." This, in connection with the deposit of the money in the cash drawer as the result of the same, was held sufficient to visit appellant with a guilty knowledge of, and participancy in, the sale. A showing is now made that this sentence should read: "I do not think he saw me and I did not tell him what I had done." With the statement of facts corrected it is, we think, clear that the testimony is not sufficient, considering that McLemore was an accomplice, to sustain the verdict. We are always reluctant to set aside verdicts of juries which have received the approval of the trial court, but in this case we are convinced on full reflection that there was not sufficient evidence in the record to form a basis of conviction.

So believing the motion is granted and the cause reversed and remanded for another trial.

*Reversed and remanded.*